ORIGINAL

michaelmerrellple2

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
FEB -2 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

MAGISTRATE q.u.
Criminal

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) MAGISTRATE CASE NO. 07-00009 06-00052 q.u. |
| Plaintiff, | ) |
| vs. | ) PLEA AGREEMENT |
| MICHAEL MERRELL, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, MICHAEL MERRELL, enter into the following plea agreement:

1. The defendant, MICHAEL MERRELL, agrees to enter a guilty plea to an Information charging him with Reckless Driving, in violation of Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13.

2. The defendant understands that the <u>maximum</u> sentence for Reckless Driving, in violation of 16 G.C.A. § 9107, as a petty misdemeanor as specified in 9 G.C.A. § 80.34, is sixty (60) days imprisonment and a fine or restitution not exceeding five hundred dollars ($500) as set

1

forth in 9 G.C.A. § 80.50. The defendant also understands that he will be subject to a ten dollar ($10) special assessment fee, as set forth in 18 U.S.C. § 3013,. Following the sentencing on the Reckless Driving offense, the United States will dismiss the Information in Criminal Case No. 06-00052.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish the violation of Reckless Driving, in violation Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13, the United States must prove each of the following elements beyond a reasonable doubt:

    a. First, that the defendant drove his vehicle upon a highway;

    b. Second, that his driving was in willful or wanton disregard for the safety of persons or property; and

    c. Third, that the offense occurred on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof.

5. The government and the defendant stipulate to the following facts for purposes of the sentencing:

    a. The defendant was born in 1956 and is a citizen of the United States; and

    b. That on or about September 22, 2006, in the District of Guam, the defendant, MICHAEL MERRELL, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, did drive his motor vehicle upon a highway in willful or wanton disregard for the safety of persons or property thereon. That while the defendant, MICHAEL MERRELL, was driving his motor vehicle, he was under the influence of

Case 1:07-mj-00009　　Document 2　　Filed 02/02/2007　　Page 2 of 5

an alcoholic beverage. That while the defendant, MICHAEL MERRELL, was driving his motor vehicle, he drove thru a chain link fence positioned at a military check point.

6. The defendant agrees to pay restitution in the amount of $500.00 to the United States Treasury for the damage he caused to the chain link fence.

7. The United States and the defendant agree to recommend the following sentence:

   a. That the defendant participate in, and successfully complete an alcohol or drug education program, or both of these programs as designated by the court;

   b. That the defendant be referred to a qualified substance abuse counselor for an assessment of the person's alcohol dependence and need for treatment;

   c. That the counselor submit a report with recommendations to the court, which may require the person to obtain appropriate treatment;

   d. That all costs for such assessment or treatment or both be borne by the defendant;

   e. That the defendant be placed on 60 (sixty) days supervised probation during which, at a minimum, the following conditions of probation be imposed:

      (1) Defendant shall not commit another Federal, State, or local crime during the term of probation;

      (2) Defendant shall refrain from drinking alcohol during the probationary period and shall submit to alcohol testing as directed by his Probation Officer;

   f. That failure of the defendant to follow all of his conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum penalty allowable under the statute charged.

8. The parties understand and agree that it is the Court's duty to impose sentence upon the defendant, and that any sentence either stipulated to or recommended herein is not binding on the court.

9. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

3

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. His right to be represented by an attorney;

   c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against his in prosecution for perjury or false statement if an answer is untrue;

   f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

   g. That he reads, writes and speaks the English language and has no need for an interpreter;

   h. That he has read the plea agreement and understands it; and

//
//
//
//
//
//

4

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

1/22/07
DATE

MICHAEL MERRELL
Defendant

1/30/07
DATE

DELIA LUJAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

2/1/07
DATE

By: RYAN M. ANDERSON
Special Assistant U.S. Attorney

2/1/07
DATE

JEFFREY J. STRAND
First Assistant U.S. Attorney

5